IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clara Cannady, | ) |
|            Plaintiff, | ) |
| v. | ) Civil Action No. 1:18-887-BHH |
| Andrew M. Saul,[1] | ) **ORDER** |
| Commissioner of Social Security, | ) |
|            Defendant. | ) |

This matter is before the Court upon Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. In the motion, Plaintiff seeks attorney's fees in the amount of $4,843.92, representing 8.5 attorney hours at the hourly rate of $193.75 plus 33 hours of paralegal time at the hourly rate of $96.88, plus $20.04 in expenses. On July 12, 2019, the parties filed a stipulation for an EAJA award, indicating that the parties agree that Plaintiff shall be awarded $4,421.92 in attorney's fees plus $20.04 in expenses as compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this action, in accordance with 28 U.S.C. § 2412(d).

Attorney's fees may be awarded pursuant to EAJA where the government's position is not substantially justified. The substantial justification test is one of reasonableness in law and fact. *See Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The district court has broad discretion to set the attorney fee amount. "[A] district court will always retain

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* 42 U.S.C. § 405(g) (providing that the action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

substantial discretion in fixing the amount of an EAJA award. Exorbitant, unfounded, or procedurally defective fee applications . . . are matters that the district court can recognize." *Hyatt v. North Carolina Dep't of Human Res.*, 315 F.3d 239, 254 (4th Cir. 2002) (*citing Comm'r v. Jean*, 496 U.S. 154, 163 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99-80, § 2(c)(2)(B).

After consideration, it is hereby **ORDERED** that Plaintiff's motion (ECF No. 24) is granted insofar as the Court adopts the parties' stipulation (ECF No. 25) and awards Plaintiff $4,421.92 in attorney's fees plus $20.04 in expenses pursuant to EAJA. In accordance with the parties' stipulation, the Commissioner will determine whether Plaintiff has any outstanding federal debt to be offset from the attorney's fees, and if Plaintiff has no outstanding federal debt, then the Commissioner will honor Plaintiff's assignment of attorney's fees to counsel and make the check payable to Plaintiff's counsel. However, if Plaintiff has outstanding federal debt, then the Commissioner will make the check payable to Plaintiff directly and deliver the check to the business address of Plaintiff's counsel, and the amount of fees payable to Plaintiff will be the balance of the stipulated attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt. If Plaintiff's outstanding federal debt exceeds the stipulated amount of attorney's fees, then the stipulated amount will be used to offset that debt and no amount shall be paid to Plaintiff.[2]

---

[2] As the Supreme Court made clear in *Astrue v. Ratliff*, attorney's fees under EAJA are made payable to the prevailing litigant and not to the litigant's attorney. 560 U.S. 586, 598 (2010) (holding that the plain text of EAJA requires that attorney's fees be awarded to the litigant, thus subjecting EAJA fees to an offset of any pre-existing federal debts).

**IT IS SO ORDERED.**

                                          /s/Bruce H. Hendricks
                                          The Honorable Bruce Howe Hendricks
                                          United States District Judge

July 18, 2019
Charleston, South Carolina